# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-344-RJC

| | |
|---|---|
| AVERY SHANDEL JAMES, <br> a/k/a "Trigger," <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on his Amended Motion to Vacate, (Doc. No. 23), and on Respondent's Motion for Summary Judgment, (Doc. No. 33).

**I.     BACKGROUND**

Petitioner Avery Shandel James was indicted on August 24, 2005, and charged with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2; armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2; using and carrying a firearm during and in relation to, or possessing in furtherance of, a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2; being a felon-in-possession and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1) and 2; possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); conspiracy to obstruct justice and suborn perjury, in violation of 18 U.S.C. § 371; and obstruction of justice, in

violation of 18 U.S.C. § 1503. (Criminal No. 3:05cr227, Doc. No. 15). Petitioner pleaded not guilty and his case was tried before a jury November 14 to 16, 2005. The jury found Petitioner guilty on all counts. (Id., Doc. No. 30).

Based on Petitioner's status as a career offender and being subject to life imprisonment under 18 U.S.C. § 3559(c), this Court sentenced Petitioner to 60 months in prison as to the § 371 conspiracy and § 922(d) firearm offenses; 120 months in prison as to the obstruction of justice offense; 240 months in prison as to the bank robbery offense; 300 months as to the armed bank robbery offense; and 360 months as to the § 922(g) firearm offense, to run concurrently. (Id., Doc. No. 40). With respect to the § 924(c) offense, in accordance with § 3559(c), the Court sentenced Petitioner to life in prison. (Id.). Petitioner appealed and on May 6, 2008, the Fourth Circuit affirmed this Court's judgment. United States v. James, 276 F. App'x 301 (4th Cir. 2008).

The evidence at trial established that Petitioner, a member of the "Bloods" street gang, used three juveniles to rob a bank at gunpoint. See (Criminal No. 3:05cr227, Doc. No. 51; 57; 58). In exchange, Petitioner promised the juveniles membership in the gang. A convicted felon, Petitioner also possessed a firearm with an obliterated serial number. While awaiting trial, Petitioner used Manika Miller to recruit others to create false alibis and falsely testify. Petitioner testified at trial and during the sentencing hearing.

Relevant to certain grounds for relief in the petition, Paragraphs 67 and 68 of the Presentence Report ("PSR") show convictions for breaking and entering in cases 96 CRS 832 and 96 CRS 3127, respectively. (Id., Doc. No. 60 at ¶¶ 67; 68). These paragraphs also show that charges of larceny in both of these cases were dismissed. (Id.).

On August 10, 2009, Petitioner timely filed his original Motion to Vacate in this court. (Doc. No. 1). On June 17, 2011, Petitioner filed an Amended Motion to Vacate. Petitioner brings the following claims in his original and amended Motion to Vacate: (1) this Court lacked subject matter jurisdiction to try Petitioner on the charges against him because (a) the Court's public records do not show "proof" that at least 12 grand jurors approved the superseding indictment; (b) the Court's public records do not show "proof" that the grand jury foreperson filed a concurrence form with the Clerk of Court; and (c) the Court's public records do not show "proof" that the superseding indictment was returned in open court; and (2) Petitioner received ineffective assistance from trial counsel based on (a) trial counsel's failure to challenge this Court's jurisdiction based on the inadequacy of the proof of the grand jury's compliance with Rule 6 of the Federal Rules of Criminal Procedure; (b) trial counsel's failure to challenge the sentence enhancements on the basis that Petitioner's prior convictions for larceny had been dismissed; (c) trial counsel's failure to file a motion to dismiss the superseding indictment as duplicitous; (d) trial counsel's failure to file a motion to dismiss the superseding indictment as multiplicitous; (e) trial counsel's failure to notice or discover Petitioner's history of psychological and behavioral problems and counsel's failure to seek a pre-trial evaluation by a mental health expert; (f) trial counsel's failure to challenge Petitioner's breaking-and-entering convictions as inadequate predicates for sentence enhancements because they were juvenile adjudications; (g) trial counsel's failure to challenge the enhancement of his sentence under the career offender guideline and the Armed Career Criminal Act ("ACCA") based on Petitioner's contention that North Carolina's breaking-and-entering offense is not a generic burglary offense and is not, therefore, a violent felony for purposes of those enhancements; and (h) trial counsel's

failure to let Petitioner listen to CDs that Petitioner claims counsel asserted were proof of his guilt and because Petitioner purportedly never received a plea offer.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477

4

U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmovingq party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

**III.  DISCUSSION**

**1.  Petitioner's Claim that this Court Lacked Subject Matter Jurisdiction to try Petitioner on the Criminal Charges Against Him.**

Petitioner first contends that this Court lacked subject matter jurisdiction to try Petitioner on the charges against him because (1) the Court's public records do not show "proof" that at least 12 grand jurors approved the superseding indictment; (2) the Court's public records do not show "proof" that the grand jury foreperson filed a concurrence form with the Clerk of Court; and (3) the Court's public records do not show "proof" that the superseding indictment was returned in open court. Petitioner also argues that this Court lacked subject matter jurisdiction to enhance his sentence based on his prior convictions.

Petitioner did not challenge the adequacy of the proof of the grand jury's indictment or this Court's jurisdiction to impose a career-offender or armed-career-criminal sentence enhancement in the district court. Therefore, Petitioner may not raise these issues for the first time in a collateral proceeding unless Petitioner demonstrates cause excusing his procedural default and actual prejudice resulting from the errors. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Petitioner has failed to show cause excusing his default or actual prejudice resulting from these errors. Thus, his claim regarding subject matter jurisdiction is barred from consideration under 28 U.S.C. § 2255.

In any event, Petitioner's arguments regarding lack of subject matter jurisdiction are without merit. Rule 6 of the Federal Rules of Criminal Procedure requires that the foreperson of

5

the grand jury administer oaths and sign all indictments. FED. R. CRIM. P. 6(c). Rule 6 requires further that the foreperson, or other juror designated by the foreperson, record the number of jurors concurring in every indictment and file the record with the clerk. Id. That record may not be made public, however, unless the court so orders. Id. Rule 6(f) provides that a grand jury may indict only if at least 12 jurors concur and the indictment must be returned in open court. FED. R. CRIM. P. 6(f).

Here, Petitioner does not claim that less than 12 grand jurors concurred in the return of his superseding indictment, nor does he argue that the foreperson failed to file a concurrence form with the Clerk of Court. Instead, Petitioner alleges only that the Court's public records do not show proof of Rule 6 compliance. Nothing in Rule 6, however, requires that proof of compliance with the rule be made public or otherwise docketed. Indeed, grand jury forms are not publicly available. See FED. R. CRIM. P. 6(e)(3)(E). In sum, Petitioner's contention is with without merit.

### 2. Petitioner's claims of ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST., art. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or

6

unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

     a.     Trial counsel's failure to challenge this Court's jurisdiction based on the inadequacy of the proof of the grand jury's compliance with Rule 6.

In Ground Two, Petitioner argues that trial counsel Keith Stroud provided constitutionally deficient representation because he failed to challenge this Court's jurisdiction or to move to dismiss Petitioner's indictment on the basis that there was no proof that the procedures of Rule 6 were followed in obtaining the indictment. As the Court has discussed, Petitioner has failed to allege facts to support any argument that the procedures required by Rule 6 were not followed in his case. Accordingly, this claim of ineffective assistance of counsel fails.

     b.     Trial counsel's failure to challenge the sentence enhancements on the basis that Petitioner's prior convictions for larceny had been dismissed.

In Ground Three, Petitioner contends that counsel was ineffective for failing to challenge the armed career criminal enhancement under 18 U.S.C. § 924(e) based on the fact that Petitioner's state larceny charges in 96CRS832 and 96CRS3127 had been dismissed. This argument fails. The pre-sentence report makes clear that Petitioner's status as an armed career criminal depended on his prior convictions for breaking and entering, not on the dismissed larceny charges.

c. Trial counsel's failure to file a motion to dismiss the superseding indictment as duplicitous.

In Ground Five, Petitioner contends that counsel was ineffective for failing to file a motion to dismiss the superseding indictment as duplicitous. A duplicitous indictment joins more than one separate offense in a single count. United States v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985). Petitioner appears to claim that the duplicity occurred because the counts charging the § 371 conspiracies–Counts One and Seven–also name the substantive federal criminal offense Petitioner was accused of conspiring to violate. The indictment only charges the § 371 offenses in these counts, however, and the jury convicted Petitioner of only one federal offense per count. Accordingly, Petitioner has not shown that trial counsel was ineffective for failing to challenge the indictment as duplicitous.

d. Trial counsel's failure to file a motion to dismiss the superseding indictment as multiplicitous.

In Ground Six, Petitioner contends that counsel was ineffective for failing to file a motion to dismiss the superseding indictment as multiplicitous. An indictment is multiplicitous if "a single offense was charged in multiple . . . counts." United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005). Specifically, Petitioner claims that Counts One, Two, Three, Four, Seven, and Eight all charge the same violation of bank robbery under 18 U.S.C. § 2113(a). Each of these counts however, charges a different offense. That is, although the charges for conspiring to rob a bank, bank robbery, and armed bank robbery appear similar, each charge is a different offense. See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Loniello, 610 F.3d 488, 496 (7th Cir. 2010). In sum, counsel did not provide deficient

8

representation in failing to move to dismiss the superceding indictment on the grounds that it was multiplicitous.

  e. Trial counsel's failure to notice or discover Petitioner's history of psychological and behavioral problems and counsel's failure to seek a pre-trial evaluation by a mental health expert.

  In his final claim set forth in his original motion, Petitioner contends that trial counsel provided deficient representation because he failed to notice or discover Petitioner's history of psychological and behavioral problems, and he failed to seek a pre-trial evaluation by a mental health expert. Counsel Stroud has submitted an affidavit in which he attests that he "was fully aware" of Petitioner's "mental and emotional history" and Petitioner's participation in the "Willie M" program earlier in his life. (Doc. No. 34-1: Ex. 1 at ¶ 1). Stroud further attests that Petitioner "fully understood what he was charged with and understood the consequences of his actions" and that Petitioner was "able to assist with his defense." (Id. at ¶ 2). To support his contention that Petitioner fully understood the consequences of his action, Stroud further notes that Petitioner "went so far as to scheme from the jail with others on the outside to have them commit perjury at trial." (Id.).

  In his amended motion, Petitioner also argues that trial counsel improperly kept this history away from this Court and the jury. Petitioner does not explain how this evidence would have been relevant to the issue of whether he committed the crimes for which he was convicted, aside from the possibility of a competency challenge. Because the record establishes that such a challenge would not have been successful, this argument also fails. In sum, because Petitioner has not shown that trial counsel should have sought a pre-trial evaluation and because trial

9

counsel's affidavit establishes that Petitioner was not likely to have been found incompetent, Petitioner cannot show either deficient performance or prejudice.

  f. Trial counsel's failure to challenge Petitioner's breaking-and-entering convictions as inadequate predicates for sentence enhancements because they were juvenile adjudications.

  As his first claim in his amended motion, Petitioner argues that trial counsel was ineffective for failing to challenge Petitioner's breaking-and-entering convictions as inadequate predicates for sentence enhancements. Petitioner contends that counsel should have challenged the use of these convictions for sentence enhancements because they were juvenile adjudications. Because Petitioner's North Carolina convictions, obtained at the age of 16, are adult criminal convictions, counsel did not provide deficient representation in failing to challenge those convictions as juvenile convictions. See N.C. GEN. STAT. § 7B-1501(7) (defining "delinquent juvenile" to be any juvenile who, while less than 16 years of age but at least 6 years of age, commits a crime or infraction under state law). In sum, because there is no evidence that trial counsel could have successfully challenged the use of the breaking-and-entering convictions as predicates for sentence enhancements, this contention is without merit.

  g. Trial counsel's failure to challenge the enhancement of his sentence under the career offender guidelines and the ACCA based on Petitioner's contention that North Carolina's breaking-and-entering offense is not a generic burglary offense and is, therefore, not a violent felony for purposes of those enhancements.

  Petitioner next argues that trial counsel should have challenged the enhancement of his sentence under the career offender guideline and the ACCA based on Petitioner's contention that North Carolina's breaking-and-entering offense is not a generic burglary offense and is, therefore, not a violent felony for purposes of those enhancements. In <u>United States v. Bowden</u>,

however, the Fourth Circuit held that breaking and entering, as set forth in N.C. GEN. STAT. § 14-54(a), is a violent felony for purposes of the ACCA. 975 F.2d 1080, 1085 (4th Cir. 1992). The Fourth Circuit subsequently affirmed that holding in the wake of the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008). See United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009). Accordingly, trial counsel was not ineffective for failing to challenge Petitioner's sentence enhancements that were based on Petitioner's prior breaking-and-entering convictions.

    h.    Trial counsel's failure to let Petitioner listen to CDs that Petitioner claims counsel asserted were proof of his guilt and because Petitioner purportedly never received a plea offer.

Finally, Petitioner contends, in his amended motion to vacate, that trial counsel did not represent him adequately because counsel failed to let Petitioner listen to CDs that Petitioner claims counsel asserted were proof of his guilt. Petitioner also contends that trial counsel never conveyed a plea offer from the Government to Petitioner. Counsel Stroud did not specifically respond to these allegations. Nevertheless, Petitioner has not shown that the Government ever extended a plea offer to Petitioner, nor has Petitioner shown how listening to the CDs would likely have led to a different result in his case. In sum, this final contention has no merit.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Respondent's motion for summary judgment and dismiss the motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 33), is **GRANTED**.

2. Petitioner's Motion to Vacate, (Doc. Nos. 1; 23), is **DENIED** and **DISMISSED**.

11

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: June 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge