# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-344-RJC
# (3:05-cr-227-RJC-DCK-1)

| | |
|---|---|
| AVERY SHANDEL JAMES, )<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Reconsider [Doc. 42] the Court's prior Order granting the Government's motion for summary judgment on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, and on Petitioner's Motion to Amend Motion to Vacate under Section 28 U.S.C. § 2255 [Doc. 51]. Petitioner is represented by the Federal Defenders of Western North Carolina.

On August 10, 2009, Petitioner filed a Section 2255 Motion to Vacate, Set Aside or Correct Sentence challenging his conviction and sentence in Criminal Case No. 3:05-cr-227-RJC-DCK-1. [Doc. 1]. On June 17, 2011, Petitioner filed an Amended Motion to Vacate. [Doc. 23]. On December 19, 2011, the Government filed a motion for summary judgment "as to all issue alleged in Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United State Code, Section 2255, filed August 10, 2009, and amended June 17, 2011." [Doc. 33 at 1 (emphasis added)]. The Government further requested "this this Court dispense with an evidentiary hearing and summarily dismiss this action in its entirety." [Id.].

On June 11, 2012, this Court granted the Government's motion for summary judgment

without reservation on any issues and ordered that "Petitioner's Motion to Vacate, (Doc. Nos. 1, 23), is **DENIED** and **DISMISSED**." [Doc. 39 at 11]. Judgment was entered in accordance with the Court's Order the same day. [Doc. 40]. Petitioner did not appeal.

On October 1, 2013, Petitioner filed a motion to reconsider the Court's grant of summary judgment for the Government under Rule 54(b) of the Federal Rules of Civil Procedure. [Doc. 42]. After various extensions, the Government responded [Doc. 47] and the Petitioner, in turn, replied [Doc. 50] to this motion. On April 7, 2016, Petitioner filed another Section 2255 Motion to Vacate, Civil Case No. 3:16-cv-222-RJC, challenging the same criminal sentence in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The Fourth Circuit authorized Petitioner to file a second or successive § 2255 motion because he "made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015)" and held to apply retroactively on collateral review by Welch v. United States, 136 S. Ct. 1257 (2018), may apply to his case. [Civil Case No. 3:16-cv-222, Doc. 2]. Also on April 7, 2016, in the instant case, Petitioner filed a motion to amend the Section 2255 Motion that the Court dismissed at summary judgment, seeking to add a claim for relief under Johnson. [Doc. 51]. Petitioner argues, under Johnson, that his 30-year career-offender sentence and his consecutive life sentence are illegal sentences that violate due process of law. [Doc. 51; Civil Case No. 3:16-cv-222, Doc. 1 at 1].

Petitioner also has a pending 28 U.S.C. § 2241 habeas petition that is related to the same conviction and sentence, which was recently unstayed after the United States Supreme Court denied the Government's petition for certiorari in United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018), on March 18, 2019.

The Court now addresses Petitioner's motion to reconsider the Court's order granting

summary judgment for the Government and judgment thereon. Petitioner argues that the Court did not rule on his claim of ineffective assistance of counsel due to his attorney's failure "to object to the use of non-qualifying prior convictions to impose a consecutive life sentence under 18 U.S.C. § 3559(c) and to impose a Guideline career-offender enhancement."[1] [Doc. 42 at 5]. Petitioner argues that, because the Court did not expressly address this argument in its summary judgment order, the order is necessarily not a "final judgment" and, therefore, subject to revision by the Court. [Doc. 42 at 6]. Petitioner argues Rule 54(b) of the Federal Rules of Civil Procedure allows for this conclusion. [Id.]. It does not.

Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all claims or the rights or liabilities of fewer than all parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Here, the Court granted the Government's motion to "summarily dismiss this action in its entirety" "as to all issue alleged in Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United State Code, Section 2255, filed August 10, 2009, and amended June 17, 2011." [Doc. 33 at 1]. The Court intended to and did fully and finally adjudicate all of

---

[1] The Court notes that <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), expressly undermines any prejudice suffered as a result of Plaintiff's counsel's alleged failure to object to the Guidelines career-offender enhancement. In <u>Beckles</u>, the Supreme Court held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause. 137 S. Ct. at 890. Further, Petitioner's consecutive life sentence under 18 U.S.C. § 3559(c) is at issue in his § 2241 habeas petition. In that case, the Government has agreed that Petitioner is entitled to relief from his mandatory life sentence under <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018) and has requested that this Court vacate Petitioner's sentence of life in prison on his § 924(c) firearm count and enter an amended judgment. [Civil Case No. 3:12-cv-735-RJC, Doc. 36 at 1].

Petitioner's claims when it granted summary judgment for the Government, even if it did not fully address each of Petitioner's many arguments on why his counsel was ineffective. See Krankel v. United States, No. 99-CV-4299-MJR, 2005 WL 1704786, at *2 (S.D. Ill. July 20, 2005) (holding a final habeas judgment was entered when a petitioner's amended § 2255 motion was denied in its entirety, despite petitioner's assertion that the Court failed to determine the merits of the actual claims in petitioner's amended motion). If the Petitioner wanted the Court's final Order and Judgment to be reviewed, he should have appealed, not file a motion to reconsider nearly sixteen (16) months after entry of judgment.

In sum, the Court fully and finally adjudicated Petitioner's original and amended § 2255 motions to vacate when it granted the Government's motion for summary judgment and judgment was entered in accordance therewith. As such, Petitioner's motion to reconsider will be denied. Further, because Petitioner's motion to reconsider will be denied, Petitioner's motion to amend his § 2255 petition will also be denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion for Reconsideration [Doc. 42] is **DENIED** with prejudice.

(2) Petitioner's Motion to Amend Motion to Vacate Under 28 U.S.C. § 2255 [Doc. 51] is **DENIED.**

Signed: August 6, 2019

Robert J. Conrad, Jr.
United States District Judge